# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| HUNTER QUEEN, | ) Civil No. 3:19-cv-00205 |
| Plaintiff, | ) |
| v. | ) |
| | ) COMPLAINT and |
| TIMBERLAKE GOLF CLUB, LLC | ) DEMAND FOR JURY TRIAL |
| Defendant. | ) |

Plaintiff, Hunter Queen ("Queen" or "Plaintiff"), by and through counsel, brings this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) against Defendant Timberlake Golf Club, LLC ("TGC").

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) and he seeks to recover unpaid overtime compensation and statutory penalties during the three-year period preceding the filing of this Complaint. Plaintiff also brings a claim for retaliation under the FLSA. Specifically, Defendant terminated Plaintiff's employment because Plaintiff engaged in protected activity by requesting to be paid the overtime premium for all hours over forty worked in a single week as required under the FLSA.

## THE PARTIES

2. Plaintiff is an adult individual who is a resident of Spartanburg, South Carolina.

3. TGC is a domestic business limited liability company registered and in good standing in the State of North Carolina, located at 1415 E. Westinghouse Blvd. Charlotte, NC 28273-5801.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 et. seq.

5. This Court has personal jurisdiction because Defendant conducts business in Mecklenburg County, North Carolina, which is located within this judicial district.

6. Venue is proper in this judicial district because Defendant have substantial business contacts in this district and because the unlawful acts alleged herein occurred in Mecklenburg County, North Carolina.

## COVERAGE ALLEGATIONS

7. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

9. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

10. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

11. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## PLAINTIFF'S FACTUAL ALLEGATIONS

12. TGC is an enterprise engaged in the business of providing amusement and sports recreation.

13. At all relevant times, Plaintiff was a nonexempt employee of Defendant within the meaning of the FLSA and eligible for overtime compensation for all work performed in excess of 40 hours in a workweek.

14. Defendant employed Plaintiff during the FLSA's statutory period preceding the filing of this complaint.

15. In or about September 2017, Plaintiff began working for Defendant as an Assistant Golf Pro compensated at a rate of $25,000 annually. As an assistant Golf Pro, Plaintiff performed the functions of a retail associate, golf tutor, and provided assistance to Defendant in various tasks involved in conducting golf tournaments at the Palisades Country Club. Plaintiff's daily responsibilities as an Assistant Golf Pro did not include the performance of any exempt job duties.

16. In or about October 2017, Defendant increased Plaintiff's compensation to $26,000 annually.

17. Defendant immediately began requiring Plaintiff to work hours in excess of forty hours per week in weeks where golf tournaments were taking place at Palisades Country Club.

18. Plaintiff estimates that Defendant required him to work approximately 60 total hours during the week of September 18, 2017, consisting of approximately 20 overtime hours.

3

19. Plaintiff estimates that Defendant required him to work approximately 64.5 total hours during the week of October 2, 2017, consisting of approximately 24.5 overtime hours.

20. Plaintiff estimates that Defendant required him to work approximately 61.5 total hours during the week of October 16, 2017, consisting of approximately 21.5 overtime hours.

21. Plaintiff estimates that he also worked overtime hours during approximately 30 of the weeks between March 2018 and December 2018. Plaintiff estimates the total number of overtime hours worked during that period to be 314.5 hours.

22. Defendant failed to pay Plaintiff one and one-half times his regular rate of pay for all overtime hours he in excess of forty hours a week.

23. Defendant had knowledge that Plaintiff performed overtime work because it required Plaintiff to be physically present at Palisades Country Club during the hours that he worked and members of Defendant's management witnessed Plaintiff perform work outside of his regularly scheduled hours.

24. Defendant did not accurately track and record the hours worked by Plaintiff.

25. On or about November 1, 2018, Plaintiff engaged in protected activity when he asked his direct supervisor, Nick Webb, about his right to be paid an overtime premium pursuant to the FLSA. Plaintiff never received a response to this inquiry.

26. About two weeks later, Plaintiff again engaged in protected activity when he asked the General Manager of The Palisades County Club, Ross Garing ("Garing"), about his right to be paid an overtime premium pursuant to the FLSA. Plaintiff followed up with Garing every week on the request. Plaintiff never received a response to his inquiry.

27. In early December 2018, Plaintiff followed up with Garing. During this conversation, Plaintiff asked Garing about being exempt from overtime and informed Garing that

he believed he should not be classified as a "non-exempt" employee. Garing promised Plaintiff that he would speak with a representative of the Human Resources Department and get back to Plaintiff with an answer regarding Defendant's position on Plaintiff's FLSA exemption status.

28. On January 23, 2019, Plaintiff again spoke with Garing regarding his FLSA exemption status. Garing told Plaintiff that Defendant had scheduled a conference call that day to discuss Plaintiff's claim that he was a non-exempt employee entitled to overtime and that he should have an answer to communicate to Plaintiff later that day.

29. On January 25, 2019, Defendant terminated Plaintiff's employment without informing Plaintiff if he would be paid an overtime.

30. Defendant retaliated against Plaintiff because he engaged in activity protected by the FLSA.

31. Plaintiff suffered harm as a result of Defendant's retaliatory actions.

32. Defendant's failure to pay Plaintiff the required overtime premium was willful.

## Count I - Violation of FLSA – Overtime

33. Plaintiff incorporates by reference paragraph 1-32 of his Complaint.

34. Defendant's violation of the FLSA arises from its failure to pay all overtime wages earned by Plaintiff.

35. Defendant violated the FLSA by failing to pay Plaintiff an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

36. Defendant violated the FLSA by failing to comply with the timekeeping and recordkeeping provisions of the FLSA.

37. Defendant's violation of the FLSA was willful.

## Count II - Violation of FLSA – Retaliation

38. Plaintiff incorporates by reference paragraph 1-37 of his Complaint.

39. Defendant violated the provisions of 29 U.S.C. §215(a)(3) by discharging Plaintiff because he requested to be paid an overtime premium in violation of the FLSA. Defendant acted willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b) An Order pursuant to Section 15(a)(3) of the FLSA finding Defendant liable for unlawful retaliation and awarding reinstatement, lost wages, liquidated damages, and all other available relief.

c) An Order awarding the costs of this action;

d) An Order awarding reasonable attorneys' fees;

e) A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

f) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

g) An Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

        Respectfully submitted,

        /s/ Craig L. Leis
        Craig L. Leis, NCSB #48582
        Philip J. Gibbons, Jr., NCSB #50276
        Jason S. Chestnut NCSB #52066
        GIBBONS LEIS, PLLC
        14045 Ballantyne Corporate Place, Ste 325
        Charlotte, North Carolina 28277
        Telephone: (704) 612-0038
        E-Mail: phil@gibbonsleis.com
           craig@gibbonsleis.com
           jason@gibbonsleis.com